NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
 File Name: 19a0153n.06

 Case No. 18-3683

 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT
 FILED
 Mar 28, 2019
ALEXI LEIVA-AVILEZ, ) DEBORAH S. HUNT, Clerk
 )
 Petitioner, )
 ) ON PETITION FOR REVIEW
v. ) FROM THE UNITED STATES
 ) BOARD OF IMMIGRATION
WILLIAM P. BARR, Attorney General, ) APPEALS
 )
 Respondent. )

 BEFORE: MOORE, SUTTON, and MURPHY, Circuit Judges.

 SUTTON, Circuit Judge. Alexi Leiva-Avilez challenges the Board of Immigration

Appeals’ decision denying his applications for asylum, withholding of removal, and protection

under the Convention Against Torture. We deny the petition for review.

 A citizen of Honduras, Leiva-Avilez illegally entered the United States in 2016. The

Department of Homeland Security initiated removal proceedings against him. Leiva-Avilez

conceded his removability but applied for asylum, withholding of removal, and protection under

the Convention Against Torture.

 Before coming to the United States, Leiva-Avilez lived in Choluteca, located in southern

Honduras. Three times between October 2015 and early 2016, members of the Mara Salvatrucha

gang, also known as MS-13, confronted Leiva-Avilez at bus stops in Choluteca. The gang

members pressured Leiva-Avilez to join MS-13 and threatened to make life difficult for him and
Case No. 18-3683, Leiva-Avilez v. Barr

his family if he refused. He never reported the gang’s threats to the police, he claimed, because

the police are corrupt and work with MS-13. Leiva-Avilez refused to join the organization, but,

fearing retaliation, including that the gang would kill him if he did not acquiesce, he eventually

fled to the United States.

 In his applications, Leiva-Avilez argued that the MS-13 members targeted him because he

opposed the gang. He later testified that he was part of a church group of young people who met

each Sunday to encourage others not to join the local gangs.

 The immigration judge denied Leiva-Avilez’s applications, finding that he lacked

credibility and, apart from that, had not shown that MS-13 persecuted him because of his political

opinion or his participation in the church group or that the government would acquiesce in his

torture. The Board of Immigration Appeals agreed, though it did not address the credibility point,

and rejected his claims. We review the Board’s decision and consider the immigration judge’s

reasoning to the extent the Board adopted it. Al-Saka v. Sessions, 904 F.3d 427, 430 (6th Cir.

2018).

 The Attorney General may grant asylum to a “refugee,” 8 U.S.C. § 1158(b)(1), defined as

an alien unwilling to return home “because of persecution or a well-founded fear of persecution

on account of race, religion, nationality, membership in a particular social group, or political

opinion,” id. § 1101(a)(42)(A). To establish eligibility in this case, Leiva-Avilez thus needed to

show that his political opinion or his involvement in the church group motivated the gang members

to persecute him. INS v. Elias-Zacarias, 502 U.S. 478, 481, 483 (1992); Pascual v. Mukasey, 514

F.3d 483, 486–87 (6th Cir. 2007). We may reverse the Board’s asylum determination only if “no

reasonable factfinder could fail to find the requisite fear of persecution.” Elias-Zacarias, 502 U.S.

at 484; see 8 U.S.C. § 1252(b)(4)(B).

 2
Case No. 18-3683, Leiva-Avilez v. Barr

 No such showing has been made. Substantial evidence supports the Board’s finding that a

desire to recruit Leiva-Avilez and increase its membership motivated the MS-13 members, not a

desire to punish him for his political or faith-based opposition to the gang. Leiva-Avilez

acknowledged at the hearing that the gang members targeted him because of his age and because

he was a student. “They wanted me to join them,” he elaborated, “so . . . I could help them in my

own town to grow.” A.R. at 114. He indeed agreed that the gang “target[s] everybody”: “[y]oung

students, workers, business people.” Id. at 127. And he admitted that he did not tell the MS-13

members about his church group. All of this evidence amply supports the Board’s dispositive

motivation finding.

 Leiva-Avilez counters that he expressed a political opinion by refusing to join the gang,

making it fair to infer that this viewpoint motivated MS-13’s continued recruiting efforts and

threats. In making this argument, he quotes language from Sangha v. INS, 103 F.3d 1482, 1490

(9th Cir. 1997). But in the next sentence of the opinion, the Ninth Circuit recognized that the

Supreme Court rejected that premise in INS v. Elias-Zacarias, stating that refusal to give in to

forced recruitment does not show that persecution for that refusal turns on political opinion.

502 U.S. 478, 482–83 (1992); see Sangha, 103 F.3d at 1490. We have said the same thing:

“[R]efusal to join MS, without more, does not constitute a ‘political opinion.’” Blanco-Santa

Maria v. Sessions, 707 F. App’x 384, 388 (6th Cir. 2017) (per curiam) (quotation omitted).

 That leaves two other objections. Leiva-Avilez challenges the Board’s decision not to pass

on his credibility or his related inaccurate-translation arguments, noting that the immigration

judge’s adverse credibility finding “infected” the analysis of his claims. Pet. Br. 14. And he says

the Board erred in rejecting his proposed social group. But regrettably for Leiva-Avilez, these

arguments are beside the point. The Board assumed his credibility and still found the evidence

 3
Case No. 18-3683, Leiva-Avilez v. Barr

wanting. And the Board explained that, even if his proposed social group counted as a cognizable

group eligible for protection, he failed to show a necessary nexus between membership in that

group and fear of persecution by MS-13. The evidence supports that finding, making it

unnecessary to decide the legal bona fides of his proposed social group.

 Because Leiva-Avilez failed to establish entitlement to asylum, he fails to meet the higher

standard for withholding of removal. Koliada v. INS, 259 F.3d 482, 488–89 (6th Cir. 2001). And

on appeal Leiva-Avilez does not challenge the Board’s finding that the Honduran government

would not sanction or acquiesce in his torture, which was his burden under the Convention Against

Torture. He thus has forfeited the argument. See Babick v. Berghuis, 620 F.3d 571, 577 (6th Cir.

2010).

 For these reasons, we deny the petition for review.

 4